**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-01439-SSS-KES                      Date: April 1, 2026

Title: SCARLETH YUNARI CABALLERO PORTILLO v. MARKWAYNE MULLIN, et al.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

<u>Jazmin Dorado</u>                                     <u>Not Present</u>
Courtroom Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR                      ATTORNEYS PRESENT FOR
PETITIONER:                                             RESPONDENTS:
None Present                                              None Present

**PROCEEDINGS (IN CHAMBERS):**     **Order to Show Cause Why the Petition Should Not Be Dismissed as Moot**

On March 25, 2026 Petitioner filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241. ("Petition" at Dkt. 1.) The Petition raises two claims: (1) Petitioner was improperly denied a bond hearing under 8 U.S.C. § 1225(b)(2), even though she is eligible for a bond hearing under § 1226(a), which is arbitrary, capricious, and contrary to law under the Administrative Procedure Act, 5 U.S.C. § 706(2); and (2) denying her a bond hearing violated her right to procedural due process. (Pet. at 6-7.) She also moved for a temporary restraining order ("TRO"). (Dkt. 4.) The only relief sought in the Petition and TRO was that the Court order an individualized bond hearing before an immigration judge.

On March 27, 2026, the District Judge[1] granted her motion for a TRO and ordered Respondents to provide a bond hearing within 3 days. (Dkt. 9.) On March 31, 2026, Respondents filed a status report stating that a bond hearing was held on March 30, 2026 and the Immigration Judge denied bond, finding Petitioner to be a flight risk. (Dkt. 10.) Respondents

---

[1] Under General Order 05-07, this case is referred to the undersigned Magistrate Judge to consider preliminary matters and prepare a report and recommendation regarding the final disposition of the case. (Dkt. 5.) However, applications for preliminary injunctive relief may not be referred to a magistrate judge. See 28 U.S.C. § 636(b)(1)(A); General Order 05-07, https://www.cacd.uscourts.gov/sites/default/files/general-orders/GO-05-07.pdf. Accordingly, the District Judge ruled on the application for a temporary restraining order.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-01439-SSS-KES                    Date: April 1, 2026
                                                                                 Page 2

argue that holding the hearing has mooted the Petition.

      IT IS HEREBY ORDERED that, on or before **April 8, 2026**, Petitioner shall file either: (1) a notice of dismissal that complies with Federal Rule of Civil Procedure 41(a)(1)(A)(i); or (2) a memorandum of law explaining why the Petition is not moot.

Initials of Deputy Clerk <u>jd</u>